# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLOTTE SIMMONS, as Special Administratrix of the Estate of Rico Thomas, deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-234-SPS ) |
| CORECIVIC, INC., JAMES YATES, DOES 1-10, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This case arises of Rico Thomas's incarceration and ultimate death at the Davis Correctional Facility in Holdenville, Oklahoma. The Plaintiff Charlotte Simmons, as Special Administratrix of the Estate of Rico Thomas, Deceased, has sued CoreCivic, Inc. ("CoreCivic"), a foreign for-profit business corporation, as well as James Yates in his individual capacity as Warden of Davis Correctional Facility, and Does 1-10, alleging he was subject to inhumane conditions of confinement and a failure to protect under the Eighth Amendment, pursuant to 42 U.S.C. § 1983. The Defendants CoreCivic and Warden Yates now seek dismissal of the Plaintiff's Complaint. For the reasons set forth below, the Court finds that the Defendants' Motion to Dismiss and Brief in Support [Docket No. 9] should be DENIED.

The Plaintiff states in her Complaint that this case arises out of her grandson Rico Thomas's death in the early morning hours of July 20, 2017, while he was incarcerated at

Davis Correctional Facility. Plaintiff filed the Complaint on July 22, 2019, and the sole cause of action arises out of the Eighth Amendment pursuant to § 1983 as a conditions of confinement/failure to protect claim, in which she alleges municipal liability as to CoreCivic and supervisor liability as to Warden Yates. *See* Docket No. 2. Defendants CoreCivic and Warden Yates have moved to dismiss the claims against them, arguing that this case was not timely filed. Plaintiff asserts that because the two-year filing deadline fell on a weekend, she had until the following business day to file her Complaint, and that it is therefore timely. The Court agrees with the Plaintiff.

"The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008), *citing Wilson v. Garcia*, 471 U.S. 261, 269 (1985). The limitations period for personal injury actions under Oklahoma law is two years, *see* Okla. Stat. tit. 12, § 95(A)(3), making Plaintiff's § 1983 claims subject to the same two-year statute of limitations. "Federal law, however, determines the date on which the claim accrues and the limitations period starts to run." *Mondragon*, 519 F.3d at 1082, *citing Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Claims under 42 U.S.C. § 1983 assert a violation of a federal right. Such claims accrue when a plaintiff knows or should know his rights have been violated." *Perry v. Geo Group, Inc.*, 2009 WL 3698473, at *7 (W.D. Okla. Nov. 4, 2009), *quoting Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004). A civil rights action accrues "when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quotation omitted). Additionally, "[u]nder this rule, when a statute of limitations is measured in years, the last day for instituting the action is

the anniversary date of the relevant act." *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).

Here, the "anniversary date of the relevant act" is July 20, 2017, when Rico Thomas was murdered in his cell. This means that the relevant two-year statute of limitations date fell on July 20, 2019, and the Court takes judicial notice that said date fell on a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), "When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Because July 20, 2019 fell on a Saturday, the Court finds that Plaintiff's Complaint was timely filed on Monday, July 22, 2019. *See, e. g.*, *Lewis v. McKinley County Bd. of County Commissioners*, 425 Fed. Appx. 723, 729 (10th Cir. 2011) ("The deadline fell on a Sunday, however, so Ms. Lewis had until Monday, November 29, 2010, to file her complaint."); *Williams v. Aragon*, 2014 WL 4854979, at *9 (D. Colo. Sept. 29, 2014) ("Because August 31, and September 1, 2013 fell on a Saturday and Sunday, respectively, and September 2, 2013 was a legal holiday (Labor Day), Plaintiff's Complaint was timely filed on September 3, 2013."); *Gentry v. Steele*, 2002 WL 35650020, at *2 (D. N.M. April 4, 2002) ("The Court takes judicial notice that February 4, 2001 fell on a Sunday, however. Therefore, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Plaintiff had until Monday the 5th to file.").

## CONCLUSION

Accordingly, the Court finds that the Defendants' Motion to Dismiss and Brief in Support [Docket No. 9] IS HEREBY DENIED.

IT IS SO ORDERED this 30th day of September, 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma