IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLOTTE SIMMONS, as Special Administratrix of the Estate of RICO THOMAS, deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>CORECIVIC, et al.,<br><br>        Defendants. | Case No. CIV-19-234-SPS |

## PROTECTIVE ORDER

Upon the motion of the Defendants [Doc.21] and after due consideration of Plaintiff's response and the argument of counsel, the Court enters the following PROTECTIVE ORDER.

1.    For purposes of this Order, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording, or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26) or matter the designating party, or non-party, deems confidential personal information, including but not limited to, matter a party, or producing non-party, deems confidential operational security information, including but not limited to security specific policies, procedures, plans, security specific or proprietary training materials, videos, as well as matter a party, or producing non-party, deems confidential information directly relating to the security of a CoreCivic or ODOC facility or operations, and personal identifying information

1

relating to current or former CoreCivic, or ODOC employees (e.g., home addresses, social security numbers, dates of birth, telephone numbers) and their dependents, the disclosure of which will likely invade those employees' privacy or pose a specific and identifiable security or discipline threat or issue.

2. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the designation of any information as "CONFIDENTIAL" and to submit the issue to the Court for resolution. Plaintiff does not concede that any of the information, documents and materials described in paragraph 1 of this Order are "Confidential" under Rule 26, or any other rule, statute or common law doctrine. Indeed, Plaintiff believes that most, if not all, of the information, documents and materials described in paragraph 1 of this Order are not "Confidential" as a matter of law. Nevertheless, Plaintiff has agreed to enter this Order to facilitate the free flow of discovery.

3. The term "documents", as used herein, includes but is not limited to correspondence, memoranda, or other printed matter, letters, statements, reports, recordings, compilations from which information can be obtained and translated, sketches, drawings, notes, disclosures, work assignments, instructions, and other writings.

4. It is contemplated that the parties may produce files and other information pursuant to agreement, request, or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain Confidential Information. Only documents marked as "CONFIDENTIAL" will be subject to this Protective Order. Documents subject to this Order will be used by nonproducing counsel only in this lawsuit, subject to requests made pursuant to

Paragraph 11.  CONFIDENTIAL information will not be disseminated by the recipient or produced except in accordance with this Agreement.

5. In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain CONFIDENTIAL INFORMATION shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available).

6. If a party wishes to file documents and/or materials that contain CONFIDENTIAL INFORMATION the filing shall be governed by ECF Policies & Procedures Manual, §III(A).  No sealed filings shall be made prior to the filing of a motion pursuant to those rules.  Underneath the case number in the style of any document sought to be sealed, the document shall be marked in all caps, "SEALED."  Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated CONFIDENTIAL under seal.  This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the Civil and Local Rules or Court order.

7. Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION for use in this matter will be restricted to the Court, its officers, the parties (including the parties' employees and agents), counsel of record and their staff, reproduction and copy shops, and to the following counsel and experts: Attorneys in this action or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure, or where production is ordered by the Court. Any attorney or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

8. CONFIDENTIAL information containing home addresses, personally identifying information, dependent information, or contact information concerning current CoreCivic or ODOC employees will not be disclosed to Plaintiff or any present or former inmate, member of the news media, or member of the general public. Moreover, information or documents designated as CONFIDENTIAL, including but not limited to proprietary policies, protocols, practices, and directives relating to security procedures utilized either by CoreCivic employees at Davis Correctional Facility, or at an ODOC facility, will not be disclosed to Plaintiff or to any other present or former inmate, member of the news media, or member of the general public, unless such information becomes part of the public record in this case after an agreement by Defendants, or non-party that produced the document, to remove the Confidentiality designation or an Order of the Court removing such designation. Defendants will produce such information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." Non-parties will produce such information with the label: "CONFIDENTIAL." Confidential information so labeled shall not be disclosed to Plaintiff, the public, member of the news media, or to a present or former inmate, and will be handled accordingly at all times barring a written agreement by Defendants, or the non-party that produced the document, to modify or remove the designation, or a court order.

9. If a party intends to designate portions of a deposition as "CONFIDENTIAL" that party shall have the right to limit attendance at the relevant portion of the deposition to the persons set forth in Paragraph 7 of this Order.

10. If Plaintiff's counsel or experts are required by law or court order to disclose Defendants', or a non-party's, CONFIDENTIAL information to any person or entity not identified in Paragraph 7, the name of that person or entity will be furnished to Defendants, or the non-party who produced the document, as far in advance of disclosure as is reasonably possible (ideally, not

4

less than two weeks), so that Defendants may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 7 who is then entitled to receive confidential information must be furnished with a copy of the Protective Order.

11. Upon completion of this litigation, if Plaintiff's counsel desires to use the documents or confidential information produced pursuant to this Agreement, which have not been made part of the public court record, in any other lawsuit, Plaintiff's counsel must first request permission in writing from the undersigned Defendants' counsel, other authorized agent of CoreCivic, Inc., or counsel of the producing non-party. Such a request must be made in sufficient time (not less than two weeks) for counsel and/or CoreCivic to adequately respond. If permission is given, all terms of this Agreement will apply to use of the confidential information in any other lawsuit. If permission is not given, Plaintiff's counsel agrees not to use the documents and materials produced in this litigation in any other subsequent litigation.

12. Counsel for the respective parties retain the right to challenge the designation of a particular document or material as confidential information. The burden of proof with respect to the propriety or correctness of the designation of information as confidential information will rest on the designating party.

13. Upon completion of the litigation, Plaintiff's counsel and their experts shall return, or by agreement of the parties may provide a Certificate of Destruction, to the producing party, or non-party, *any* confidential information produced in this action, subject to Paragraph 11.

14. Nothing in this Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

15.     Each person designated in Paragraph 7, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

IT IS SO ORDERED this 8th day of April, 2020.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma